UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN C.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C18-5655 TSZ-BAT

**REPORT AND RECOMMENDATION**

Plaintiff appeals the denial of her application for Disability Insurance Benefits. She contends the ALJ erred by failing to carry the Commissioner's burden of proof at step five of the disability evaluation process[1] to show jobs that exist in significant numbers in the national economy that she can perform. Dkt. 10. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is currently over 50 years old and formerly worked as an adult caregiver. After a 2017 hearing, the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since the alleged onset date in March 2012; at step two that she had the severe

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

REPORT AND RECOMMENDATION - 1

impairments of obesity, degenerative disc disease of the cervical and lumbar spine, bilateral shoulder sprains, depression, anxiety, and a somatoform disorder; and at step three that none of her impairments, alone or in combination, met or medically equaled a listed impairment.[2] Tr. 20–22. The ALJ assessed a residual functional capacity ("RFC") of light work with additional physical, social, and mental limitations.[3] The ALJ found at step four that plaintiff was unable to perform her past relevant work; and at step five that there were jobs that existed in significant numbers in the national economy that plaintiff could perform, identifying the occupations of agricultural produce sorter (3,794 jobs nationally) and laminating machine offbearer (6,916 jobs nationally). Tr. 27–28. The ALJ thus concluded that plaintiff was not disabled. Tr. 29.

## DISCUSSION

Plaintiff raises a single allegation of error: the ALJ failed to demonstrate that there are jobs that exist in significant numbers in the national economy that plaintiff is capable of performing. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The burden of establishing other work exists in "significant numbers" lies with the Commissioner. 20 C.F.R. § 404.1560(c); *Tackett v.*

---

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

[3] In full, the ALJ's assessed RFC was:

> [T]he claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can sit up to six hours of an eight-hour workday. She can stand and/or walk up to six hours total of an eight-hour workday. She can push and pull as much as lifting and carrying. She can occasionally climb ramps and stairs. She should never climb ladders and scaffolds. She is limited to occasional reaching in all directions with the dominant right upper extremity. She must avoid concentrated exposure to machinery causing vibrations. She must avoid concentrated exposure to hazards, such as unprotected heights, working with heavy operating machinery, or operating a motor vehicle. She is limited to simple, routine, and repetitive tasks, and simple work-related decisions. She is limited to occasional interaction with the public.

Tr. 22.

REPORT AND RECOMMENDATION - 2

*Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The existence of significant numbers of jobs a claimant can perform with her limitations is a question of fact to be determined by a judicial officer. *Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir. 1986). The Court reviews an ALJ's factual findings for substantial evidence, considering the record as a whole and weighing both the evidence that supports and the evidence that detracts from an ALJ's factual conclusions. 42 U.S.C. § 405(g); *Gutierrez v. Commissioner of Social Security*, 740 F.3d 519, 522–23 (2014). Nevertheless, a decision supported by substantial evidence will be set aside if the ALJ did not apply proper legal standards. *Gutierrez*, 740 F.3d at 523.

The Court finds that the ALJ failed to support with substantial evidence his conclusion that 10,710 jobs nationally constitute "significant numbers" of jobs. The Court also finds that the ALJ failed to apply the proper legal standards in reaching this conclusion.

The statutory and regulatory definition of "work which exists in the national economy" means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 1382c(a)(3)(B); *see* 20 C.F.R. § 416.966(a). Thus, whether the national figure for significant numbers of jobs is assessed in the context of "several regions of the country." *Gutierrez*, 740 F.3d at 528. At the same time, 20 C.F.R. § 416.996(b) cautions that when assessing national jobs, "[i]solated jobs that exist only in very limited numbers outside of the region where [a claimant] live[s] are not considered work which exists in the national economy." The Ninth Circuit has never set out a bright-line rule for how many jobs constitute work in "significant numbers" nationally. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). "Under our current case law, the ALJ's finding that 25,000 national jobs is sufficient presents a close call." *Gutierrez*, 740 F.3d at 529; *see, e.g.*, *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (64,000 nationwide jobs significant); *Thomas v. Barnhart*, 278

REPORT AND RECOMMENDATION - 3

F.3d 947, 960 (9th Cir. 2002) (125,000 nationwide jobs significant); *see also Beltran*, 700 F.3d at 390 (1,680 nationwide jobs insignificant). In *Lemauga v. Berryhill*, the Ninth Circuit stated that although the government did not argue that the 12,600 nationwide jobs available represented significant numbers, "[w]e note that this court has never found a similar number to be significant." 686 Fed. Appx. 420, at *422 (9th Cir. Apr. 3, 2017). The undersigned magistrate judge has found that both 14,175 nationwide jobs and 12,700 nationwide jobs did not constitute significant numbers of jobs. *Wood v. Berryhill*, 2017 WL 619313, at *4 (W.D. Wash. Nov. 17, 2017); *Kotok v. Berryhill*, 2017 WL 2859507, at *4 (W.D. Wash. July 5, 2017).

At the hearing, the vocational expert ("VE") was unable to identify *any* jobs that plaintiff with her limitations could perform until prompted by the ALJ with the specific job titles of Sorter of Agricultural Produce, DOT code 529.687-186, and Laminating Machine Offbearer, DOT 569.686-046. Tr. 53–55. The VE then responded that, given plaintiff's RFC, she could perform the occupations of sorter of agricultural produce, 3,794 nationwide jobs, and of laminating machine offbearer, 6,916 nationwide jobs. In his decision, the ALJ offered no factual or legal support for his conclusion that 10,710 jobs nationally constituted "significant numbers" of jobs. This was harmful factual and legal error. First, the ALJ failed to acknowledge that 10,710 jobs nationally constituted fewer than half the 25,000 jobs nationally that the Ninth Circuit called a "close call" in *Gutierrez*, and nearly 2,000 fewer than the 12,600 jobs nationally that the Ninth Circuit noted had "never" been found to be significant in *Lemauga*. *See Gutierrez*, 740 F.3d at 529; *Lemauga*, 686 Fed. Appx. 420, at *422. Second, the ALJ did not address the statutory and regulatory requirements that the jobs of sorter of agricultural produce and laminating machine offbearer exist in "several regions of the country" and not be "[i]solated jobs that exist only in

REPORT AND RECOMMENDATION - 4

very limited numbers outside of the region." 42 U.S.C. § 1382c(a)(3)(B); *see* 20 C.F.R. § 416.966(a)–(b); *Gutierrez*, 740 F.3d at 528.

The Commissioner's reliance on the Eighth Circuit case of *Johnson v. Chater*, 108 F.3d 178 (8th Cir. 1997), is unpersuasive and inapposite. In *Johnson*, the Eighth Circuit determined that the 10,000 nationwide addresser and document preparer jobs were significant because the figure was "merely representative of a larger category of jobs that Johnson could perform, including telemarking," a sedentary job that the VE said the claimant was capable of performing; in fact, the claimant was performing the job of telemarketing at the time of the hearing. *Johnson*, 108 F.3d at 180. In contrast, here the VE was unable to cite the jobs of sorter of agricultural produce and laminating machine offbearer until being led to the DOT numbers by the ALJ, and the VE did not suggest that these jobs were merely representative of a much larger category of jobs that plaintiff could perform and was actually performing.

Whether there is other work in significant numbers that a claimant is able to perform with her limitations is a question of fact to be determined by a judicial officer. *Martinez*, 807 F.2d at 775. The Court therefore finds it necessary to remand this matter for further findings on this issue. *See, e.g.*, *Beltran*, 700 F.3d 386; *Lemauga*, 686 Fed. Appx. 420; *Wood*, 2017 WL 619313; *Kotok*, 2017 WL 2859507; *Healey v. Astrue*, 2011 WL 2619369 (W.D. Wash. May 24, 2011) (Report and Recommendation by Magistrate Judge Mary Alice Theiler), *adopted by* 2011 WL 2618880 (W.D. Wash. July 1, 2011).

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

REPORT AND RECOMMENDATION - 5

On remand, the ALJ should at step five of the sequential disability evaluation determine whether significant numbers of jobs exist in the national economy that plaintiff can perform consistent with her assessed RFC.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **March 6, 2019.** If no objections are filed, the Clerk shall note the matter for March 8, 2019, as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 20th day of February, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 6